UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RILEY HARRIS, individually, and on behalf of the Estate of Clara L. Prevo,** | ) ) ) |
| **Plaintiff/Counter-Defendant,** | ) ) |
| v. | ) Case No.: 2:22-cv-1051-AMM ) |
| **CADENCE BANK, f/k/a BancorpSouth Bank,** | ) ) ) |
| **Defendant/Counter-Claimant.** | ) ) |

## MEMORANDUM OPINION

This case is before the court on a Motion for Summary Judgment filed by Defendant and Counter-Claimant Cadence Bank[1]. Doc. 27. Plaintiff and Counter-Defendant Riley Harris did not oppose summary judgment. For the reasons explained below, that motion is **GRANTED**.

### I.  BACKGROUND

In 2016, Clara L. Prevo executed a promissory note in favor of Cadence Bank governing a mortgage loan in the amount of $111,200. Doc. 26-2 at 2–5. The note was secured by a first priority mortgage on the Property. Doc. 26-15 at 2. The

---

[1] "Cadence Bancorporation and Cadence Bank, N.A. merged into BancorpSouth Bank effective October 29, 2021, with BancorpSouth Bank as the surviving company. Upon completion of the merger, BancorpSouth Bank was renamed Cadence Bank." Doc. 27 at 2 n.1.

mortgage provided that in the event of default, Cadence Bank was entitled to "sell the Property to the highest bidder at public auction at the front door of the [Jefferson] County Courthouse." Doc. 26-3 ¶ 22.

Ms. Prevo passed away on May 22, 2020. Doc. 26-5 at 2. On or about June 23, 2020, Mr. Harris "contacted Cadence [Bank] regarding the Loan, requesting to be treated as a successor in interest ("SII") to [Ms.] Prevo for purposes of notices related to the Loan." Doc. 26-1 ¶ 8. On August 4, 2020, Cadence Bank confirmed Mr. Harris's "identity as a Successor in Interest (Confirmed Successor)" on the Property encumbered by the mortgage. Doc. 26-6 at 2. This confirmation letter included an "Acknowledgement Notification Request Form," *id.* at 4, but Mr. Harris never returned that form to Cadence Bank. Doc. 26-1 ¶¶ 12–13.

"The last payment on the Loan was received on September 22, 2020." Doc. 26-1 ¶ 14. On May 6, 2021, Cadence Bank issued a notice of default and intent to accelerate the loan. Doc. 26-7 at 2–3. The notice provided that Mr. Harris could dispute the debt in writing within thirty days, and it also provided him thirty days to correct the default. *Id.* at 2. Mr. Harris did not correct the default within thirty days. Doc. 26-1 ¶ 16. Therefore, Cadence Bank scheduled a foreclosure sale for August 11, 2021. *Id.*

On July 28, 2021, Mr. Harris sent a letter to Cadence Bank "to dispute the validity of the debt." Doc. 26-8 at 2. In that letter, Mr. Harris argued that "[t]he

2

monthly mortgage amount for the subject property is $571.72" and that he "anticipate[d] on bringing the outstanding mortgage balance current in the next 60 days." *Id.* at 2–3 (cleaned up). In response to this letter, Cadence Bank notified Mr. Harris that it had cancelled the August 11, 2021, foreclosure sale. *See* Doc. 26-9 at 3. The notification provided that Mr. Harris "will need to reach out to [Cadence Bank] directly in order to work out a mutually agreeable repayment plan." *Id.*

Mr. Harris did not make the loan balance current, never submitted an application to modify the loan, and never made any payments on the loan following the September 22, 2020 payment. Doc. 26-1 ¶¶ 19–20. On January 12, 2022, Cadence Bank sent a letter to Mr. Harris notifying him that sixteen months of payments were due and that the loan was "presently delinquent and in default." Doc. 26-10 at 2. It stated that Mr. Harris had thirty days to dispute the debt in writing. *Id.* Further, the letter stated that "[f]ailure to cure the default within thirty (30) days of the date of this letter may result in acceleration." *Id.* Mr. Harris did not dispute the debt nor cure the default within thirty days. Doc. 26-1 ¶¶ 23 & 25.

On March 16, 2022, Cadence Bank sent Mr. Harris another letter to alert him that alternatives to foreclosure may be available and that he "may want to consider a workout" option. Doc. 26-11 at 2. "[Mr.] Harris did not submit a completed loss mitigation application for the Loan to Cadence [Bank]." Doc. 26-1 ¶ 27. On March 24, 2022, Cadence Bank notified Mr. Harris that it would conduct a foreclosure sale

3

on May 13, 2022. Doc. 26-12 at 4. On May 13, 2022, Cadence Bank notified Mr. Harris that the foreclosure sale was rescheduled for July 12, 2022. Doc. 26-13 at 2.

On July 12, 2022—the date of the scheduled foreclosure sale—Mr. Harris filed suit against Cadence Bank in the Circuit Court of Jefferson County, Alabama, Bessemer Division, asserting claims for "Failure of Conditions Precedent of the Contract" and "Declaratory Judgment." Doc. 1-1 at 1, 5, and 7. Cadence Bank did not conduct the scheduled foreclosure sale. Doc. 26-1 ¶ 32.

On August 19, 2022, Cadence Bank removed the action from state court to this court. Doc. 1. On August 26, 2022, Cadence Bank filed its answer and asserted counterclaims for "Judicial Foreclosure" and for "Declaratory Judgment." Doc. 4 at 10–12.

On July 6, 2023, Cadence Bank issued its First Consolidated Discovery Requests to Mr. Harris. Doc. 26-14. That document included requests for admission under Rule 36 of the Federal Rules of Civil Procedure. *Id.* at 14. "[Mr.] Harris failed to serve objections, responses, or production in response to the Discovery Requests on Cadence [Bank] or counsel for Cadence [Bank] within thirty days." Doc. 26-1 ¶ 36.

On October 11, 2023, Cadence Bank filed a Motion for Sanctions because Mr. Harris "failed to respond to the discovery requests propounded by . . . Cadence Bank . . . and has further failed to appear for not one, but *two* properly-noticed

4

depositions." Doc. 20 at 1. Cadence Bank further alleged that Mr. Harris failed to "provide[] a day or time for which he will sit for deposition, nor has he provided Cadence [Bank] a reason for why he's over two months late for serving even boilerplate objections to Cadence [Banks]'s discovery requests or failing to produce a single page of documents." *Id.* Mr. Harris responded on November 6, 2023, and stated that he "has not acted deliberately, nor with an intent to cause undue delay in this case." Doc. 28 at 1. He contended that "his delay in responding to the written discovery is a result of his ongoing medical issues." *Id.* On reply, Cadence Bank argued that "[Mr.] Harris's explanation— that previously undisclosed medical issues (to both Cadence and his own counsel) arising in the last six months prevented him from communicating with his counsel regarding the Requests and his availability for deposition—is undercut by his own actions." Doc. 32 at 1. Cadence Bank contended that "[Mr.] Harris's discovery violations were thus willful, and dismissal of Harris's claims is an appropriate sanction under Federal Rule of Civil Procedure 37." *Id.* at 2.

On November 3, 2023, Cadence Bank filed a Motion for Summary Judgment. Doc. 27. That motion "seeks summary judgment in [Cadence Bank's] favor on all claims asserted in this case." *Id.* at 2. On November 7, 2023, Mr. Harris filed a Motion to Stay. Doc. 30. Mr. Harris's counsel withdrew on November 24, 2023, and

he proceeded *pro se*. Doc. 35. Mr. Harris did not oppose Cadence Bank's Motion for Summary Judgment.

## II. STANDARD OF REVIEW

A party moving for summary judgment must establish "that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it could "affect the outcome" of the case. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1303 (11th Cir. 2016) (cleaned up). A material fact is in "genuine" dispute if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (cleaned up). In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (cleaned up).

If a motion for summary judgment is unopposed, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). "The district court need not sua sponte review all of the evidentiary materials on file

at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *Id.* "At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id.* at 1101–02.

### III. ANALYSIS

Mr. Harris asserted two claims against Cadence Bank, and Cadence Bank asserted two counterclaims against Mr. Harris. The court evaluates each of those claims in turn.

#### A. Mr. Harris's Claim for "Failure Of Conditions Precedent Of the Contract"

Mr. Harris alleges that Cadence Bank failed to meet certain conditions precedent of the mortgage contract. *See* Doc. 3-1 at 7. Specifically, he alleges that Cadence Bank "breached the agreement by failing to comply with essential terms regarding the requirements of paragraph[s] 15 and 22 of the mortgage." Doc. 3-1 ¶ 22. Cadence Bank is entitled to judgment on this claim for two reasons.

*First*, as Cadence Bank argues, "Count I is moot to the extent it is aimed at challenging the July 12, 2022 sale, which never occurred." Doc. 27 at 10. "A federal court cannot decide a 'moot' controversy." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1244 (11th Cir. 2020). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Fla. Pub. Int. Rsch. Grp. Citizen Lobby, Inc. v. E.P.A.*, 386 F.3d 1070,

1086 (11th Cir. 2004)). Mootness "can happen when events after the filing of the appeal 'deprive the court of the ability' to provide 'meaningful relief.'" *Id.* (quoting *Fla. Pub. Int. Rsch. Grp.*, 386 F.3d at 1086). Count I challenges Cadence Bank's right to conduct "the foreclosure sale of July 11, 2022," Doc. 3-1 ¶ 27, but that sale did not occur, Doc. 26-1 ¶ 32, so Count I is moot.

*Second*, even if Count I somehow were not moot, Mr. Harris's "[c]omplaint fails to identify the specific deficiencies" to support this cause of action. Doc. 27 at 12. Instead, the complaint "stat[es] only that Cadence [Bank] 'failed to send proper' notice of default and acceleration." *Id.* (quoting Doc. 3-1 ¶ 22). But "no document, interrogatory response, or testimony establishes any deficiency of any kind." *Id.* Because the record contains no evidence to support this claim against Cadence Bank, it is entitled to summary judgment.

### B. Mr. Harris's "Declaratory Judgment" Claim

In Count II of his complaint, Mr. Harris "requests the Court declare the rights between Cadence [Bank] and the Plaintiffs as to Cadence[] [Bank's] compliance with the notice provisions of paragraph 15 and 22 of the mortgage; the Plaintiffs' right to loss mitigation; and [Mr. Harris's] right to be established as successor in interest on the mortgage." Doc. 3-1 at 7. Cadence Bank is entitled to summary judgment on this claim as well.

"[T]he Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts but rather is operative only in respect to controversies which are such in the constitutional sense . . . . Thus the operation of the Declaratory Judgement Act is procedural only." *Wendy's Int'l, Inc. v. City of Birmingham*, 868 F.2d 433, 435 (11th Cir. 1989) (cleaned up). When a case no longer contains any underlying substantive causes of action, there is no proper case or controversy in which to grant declaratory relief. *See, e.g.*, *Bias v. Cenlar Agency, Inc.*, No. 2:15-cv-00768-SGC, 2018 WL 2365428, at *9 (N.D. Ala. May 24, 2018); *Morton v. Bank of Am. Corp.*, No. 5:12-cv-188-CAR, 2012 WL 3901749, at *5 (M.D. Ga. Sept. 7, 2012); *Creative Compounds, LLC v. Starmark Lab'ys*, 651 F.3d 1303, 1316 (Fed. Cir. 2011). Cadence Bank is entitled to summary judgment on Count I, and Mr. Harris brings no other substantive causes of action against Cadence Bank. Therefore, he may not obtain a declaratory judgment against Cadence Bank.

**C. Cadence Bank's "Judicial Foreclosure" Claim**

"In Count I of its Counterclaim, Cadence seeks to judicially foreclose on the Property." Doc. 27 at 21. "[J]udicial foreclosure remains a viable remedy for a mortgagee even when a power of sale is included in a mortgage." *Denault v. Fed. Nat'l Mortg. Ass'n*, No. 2180849, 2020 WL 4034518, at *4 (Ala. Civ. App. July 17, 2020); *see also Johnson v. Shirley*, 539 So. 2d 165, 168 (Ala. 1988) ("[A] power of

9

sale given under a mortgage affords . . . an additional . . . remedy for recovery of the debt.").

The record in this case proves that the loan is "indisputably . . . in default, payment having not been made in over three years." Doc. 27 at 22; *see also* Doc. 26-10 at 2 (Notice of Intent to Accelerate showing sixteen months delinquent as of January 12, 2022); (Doc. 26-14 at 14, RFA 3) (Request to "Admit amounts remain past due and owing under the Note and Mortgage" deemed admitted under Rule 36(a)(3), Fed. R. Civ. P.). And Cadence Bank has provided the court with undisputed evidence that its Notice of Intent to Accelerate complied with the mortgage's notice requirement. *Compare* Doc. 26-3 ¶ 22 *with* Doc. 26-10 at 2–3. Therefore, "Cadence [Bank] is entitled, following proper notice and advertisement pursuant to Paragraph 22 and Alabama law, to exercise the power of sale contained in the Mortgage." Doc. 27 at 23.

**D. Cadence Bank's "Declaratory Judgment" Claim**

Additionally, Cadence Bank is entitled to summary judgment on its declaratory judgment claim. Under 28 U.S.C. § 2201(a), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Cadence Bank seeks a declaratory judgment declaring the following: (1) Cadence Bank holds a valid, enforceable, and properly

perfected first priority mortgage security interest on the Property; (2) Cadence Bank has satisfied all preconditions to the exercise of the power of sale contained in the mortgage; and (3) Cadence Bank, as servicer of the mortgage, is entitled to proceed with a foreclosure sale on the Property. Doc. 27 at 23–24.

Undisputed evidence establishes all of those statements. *See* Doc. 26-15; Doc. 26-14 at 14, RFA 2 (Request to "Admit the Mortgage is a valid and enforceable first-priority mortgage on the Property" deemed admitted under Rule 36(a)(3), Fed. R. Civ. P.). Therefore, Cadence Bank is entitled to summary judgment on its claim for a declaratory judgment.

## IV. CONCLUSION

The court **GRANTS** summary judgment in favor of Cadence Bank and against Mr. Harris, on both Mr. Harris's claims and Cadence Bank's counterclaims. Mr. Harris's Motion to Stay is **DENIED**. Cadence Bank's Motion for Sanctions is **DENIED** as moot.

**DONE** and **ORDERED** this 8th day of March, 2024.

_____
ANNA M. MANASCO
UNITED STATES DISTRICT JUDGE